**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR. 07-023T** |
| | ) | |
| **CHRISTOPHER LOM** | ) | |

---

**MOTION TO RECONSIDER BAIL CONDITIONS**

Now comes the defendant, Christopher Lom, and asks that this Honorable Court reconsider some of the conditions of bail imposed on him after entry of his plea of guilty on April 10, 2007.

The defendant specifically requests that this Court allow Mr. Lom to attend meetings in Providence with his attorney. In addition Mr. Lom requests that the Court allow him to attend a Form One (pre sentence investigation) interview with probation at their offices in Providence RI.

The Court has found by clear and convincing evidence that Mr. Lom is unlikely to flee or pose a danger to the community if released on certain bail conditions. *See* 18 U.S.C. §3143(a)(2)(B). The Court substantially continued the bail conditions imposed by Magistrate Judge Martin when Mr. Lom was released from custody on February 9, 2007 and again after his indictment and arraignment on February 23, 2007. Those conditions were (in part) that the defendant post $100,000 of property, participate in home confinement with electronic monitoring, maintain or actively seek employment, submit to drug testing and counseling, and that he was to reside with his aunt in Warwick RI. In addition he was to ***obtain prior permission to enter the City of Providence for attorney meetings and to report to probation.***[1]

On April 10, after Mr. Lom's entry of a guilty plea, the court imposed further restrictions on him.[2] Specifically the court ordered that he could not enter the City of Providence for any

---

[1]The entire Order Setting Conditions of Release for Christopher Lom is attached to this Motion.

[2]See the attached Order Modifying Conditions of Release.

reason including to meet with his attorney or to report to probation.[3]

Mr. Lom is ***required*** to meet with a probation officer in order to allow them to conduct a pre sentencing interview of him. Similarly, once that report is prepared, Mr. Lom must meet with counsel to review the report and determine if there are any corrections or objections to the report. In addition Mr. Lom needs to meet with his attorney to prepare for sentencing.

The need for confidentiality in these meetings presents problems in arranging meetings with Mr. Lom and his attorney as well as with probation. Mr. Lom resides with his aunt. Neither federal probation nor the federal defender's office maintains office space outside of the City of Providence. Finding a place for these meetings to occur that would be confidential, cost effective and not objectionable to the probation officer who is monitoring Mr. Lom would be difficult if not impossible.

During the time from February 9, 2007 until April 10, 2007 when he pled guilty, Mr. Lom has attended two meetings with his attorney in Providence. Prior to each one of those meetings he obtained permission from probation to attend the meeting and was required to be back in his home in a timely fashion. Probation verified that Mr. Lom had indeed scheduled those meetings and obtained an estimate to their length. Mr. Lom was then allowed to leave his home to attend those meetings. He did so without incident. Mr. Lom has also met with Probation on eight occasions in Providence. These meetings were also without incident. The Hanover Street address that Magistrate Judge Martin ordered Mr. Lom not to go to is in a different part of the City of Providence than either the federal defender's office or the probation office.[4]

Had Mr. Lom maintained his innocence and asked for a jury trial he would still be free on the same conditions of bail that were originally set by Magistrate Judge Martin. He would be free to attend meetings at his attorney's office to prepare for his defense. The only change in circumstance is that Mr. Lom has accepted responsibility for his crime and pled guilty.

Respectfully the defendant asserts that there is no reason for the court to so severely restrict his right to meet with his attorney and that such a restriction impedes his right counsel and to effective legal representation.

---

[3]The Court also ordered Mr. Lom to suspend his search for employment.

[4]Mr. Lom is alleged to be a member of the Hanover Street Boyz street gang. Hanover Street is in South Providence off of Broad Street.

Accordingly the defendant requests that this Honorable Court amend its order and allow Mr. Lom to come to Providence ***with the prior approval of his supervising probation officer***, for the purposes of meeting with his attorney and with probation.

Respectfully Submitted
Christopher Lom
By His Attorney,

/s/ Mary S. McElroy
R.I. Bar no. 4830
Assistant Federal Defender
10 Weybosset Street
Suite 300
Providence, RI 02903
(401) 528-4281
(401) 528-4285 fax
mary_mcelroy@fd.org

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within on Peter Neronha, AUSA, on the 12th day of April, 2007.

/s/ Mary S. McElroy