**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR07-0023-01T** |
| | ) | |
| **CHRISTOPHER LOM** | ) | |

---

## DEFENDANT'S SENTENCING MEMORANDUM

## INTRODUCTION

Through counsel, Christopher Lom files the following Sentencing Memorandum setting forth the factors the Court should consider in determining the sentence that is "sufficient but no greater than necessary" to comply with the statutory directives set forth in 18 U.S.C. § 3553(a). This Memorandum is submitted in support of Mr. Lom's motion for sentencing consideration advocating a sentence outside of the advisory guideline range. Mr. Lom respectfully requests that this court sentence him to a term of imprisonment equal to the time he has already served and impose a term of two years of supervised release.

## BACKGROUND

On January 27, 2007 a Providence Police patrol officer stopped Mr. Lom for making a turn into a parking lot without the use of a turn signal. Officer Kantorski approached Mr. Lom and began to conduct a pat down frisk. Mr. Lom immediately acknowledged to the officer that he was carrying a handgun. The gun was seized and Mr. Lom was arrested.

At the police station Mr. Lom gave a statement admitting that the gun was his and that he had purchased it for protection from a rival street gang.

Mr. Lom was charged in State Court and held until he posted bail on January 29, 2007.

On February 1, 2007 Christopher Lom was charged by way of a criminal complaint in United States District Court with one count of possession of a firearm with obliterated serial numbers. He was released on bail with electronic monitoring on February 9, 2007. On February 21, Mr. Lom was indicted by a Federal Grand Jury and on February 23, 2007 he appeared before the Honorable Senior Judge Ernest C. Torres and pled guilty to the indictment. Sentencing is scheduled for July 11, 2007

**SENTENCING CONSIDERATIONS**

In determining the appropriate sentence for a criminal defendant the court is bound to consider the sentencing factors set forth in 18 U.S.C. §3553(a). After taking all of those factors into account the court must impose a sentence that is "sufficient, but not greater than necessary" to achieve the goals and purposes of sentencing. 18 U.S.C. §3553(a)[1]. This provision, the so called "parsimony provision", is the umbrella under which all other sentencing factors and considerations fall. It represents the ultimate goal of sentencing and reflects the maximum sentence that a court may impose regardless of what is recommended by the advisory guidelines. *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989) (Becker, J., concurring in part, dissenting in part).

---

[1]The purposes of sentencing are set forth in 18 U.S.C. §3553 (a)(2), that statute provides that the court must consider;

> the need for the sentence imposed-
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> ( C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

The United States Supreme Court decision in *U.S. v. Booker*, 543 U.S. 220 (2005) rendered the Federal Sentencing Guidelines advisory rather than mandatory. *See also Rita v. United States, No. 5754, 2007 U.S. Lexis 8269 (June 21, 2007).* Instead of being bound by the Sentencing Guidelines, *Booker* now "requires a court to consider Guideline ranges, . . . but permits the court to tailor the sentence in light of other statutory concerns as well" *Id* at 245-246. Although no longer mandatory, the Federal Sentencing Guidelines are still a factor that the court must consider in making the ultimate determination of the appropriate sentence to impose in any criminal case. "The district courts must calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553(a) without a thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, No. 05-3505 (7th Cir. June 28, 2007) (interpreting *Rita).*

The post *Booker* sentencing process mandates the district court Judge to first consult the guidelines, calculate the appropriate range, and to then decide the appropriate sentence to impose for the individual standing before it in that specific case. *See Rita v. United States, No. 5754, 2007 U.S. Lexis 8269 (June 21, 2007).*

The defendant respectfully requests that this Honorable Court impose a sentence below the advisory guideline range.

**PERSONAL HISTORY**

Mr. Lom is an nineteen year old man who has had a difficult childhood. When he was only two years old his parents separated. His father left the family and moved to California. Mr. Lom's father was not a part of his life although he did continue to provide financial support. Although he describes his upbringing as middle class, Mr. Lom was raised in a poor section of

Providence and his mother worked very hard to provide for the family.

After the separation of his parents Mr. Lom was upset over the absence of his father. As he got older he became angry about this loss. Although he always did well in school this anger began to affect his behavior. At the age of twelve or thirteen Mr. Lom began to be involved with a street gang. Raised on Hanover Street in Providence, he was surrounded by gangs and particularly by the Hanover Boyz who operate primarily on that street.

Because of her concerns about his behavior Mr. Lom's mother sent him to California to live with his father when Mr. Lom was fifteen years old. Mr. Lom remained in California for two years and graduated from high school there.

It is not surprising that at some point during his childhood Mr. Lom was recruited by and became a member of a street gang. Upon his arrest he acknowledged his involvement with the Hanover Boyz gang. Gangs traditionally prey on young men who have had backgrounds similar to Mr. Lom's. According to the National Victim Assistance Academy there are two primary reasons that young people join street gangs: the breakdown of the family as a cohesive unit and poverty.[2] Mr. Lom suffered from both of these problems throughout his childhood. The Pinellas County (Florida) Sheriff's Department, in 1992, identified several reasons that young people become involved in gangs. One of the most important of those reasons is to obtain a sense of family and identity.[3] United States Attorney General Alberto Gonzalez recognized the lure of street gangs for disadvantaged young people when he spoke at the December 15, 2006 Annual Project Safe Neighborhood Conference in Boston, Massachusetts. "Kids in tough situations join

---

[2]National Victim Assistance Academy Textbook, Anne Seymour et. al. ed. (2002) Chapter 22:3.

[3]National Victim Assistance Academy Textbook, Anne Seymour et. al. ed. (2002) Chapter 22:3.

gangs to find companionship and status - false promises of a lifestyle that in reality brings crime, violence, jail time and even death."[4] Mr. Lom faced many of the issues that cause young people to join street gangs.

Like many young people in his position he joined to a gang. Gang life provides a substitute family, protection and a sense of identity.

Importantly, Mr. Lom has recognized that his involvement in gangs has caused him significant problems and he has indicated a desire to end his involvement with the gang. Mr. Lom has recognized his mistakes and wants to change his life. He can and will end the lifestyle that has caused him to be in trouble. He is a good candidate for rehabilitation and the Court should afford him that opportunity.

**NATURE AND CIRCUMSTANCES OF THE CHARGE**

18 U.S.C. §3553(a) directs sentencing courts to consider several factors when determining the appropriate sentence for a criminal defendant. The court must consider; "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" Mr. Lom was arrested with a gun. He was not involved in any other criminal activity at the time and in fact has no criminal record. It was the possession of the gun, and more importantly, his acknowledged gang affiliation that triggered federal involvement in his case. Certainly his personal and family history would indicate that gang involvement was a likely possibility for Mr. Lom. His recent arrest has taught him that such involvement can and will cause him to be in trouble with the law.

---

[4]See Prepared Remarks of Attorney General Alberto R. Gonzalez at the District of Massachusetts' Annual Project Safe Neighborhood Conference, Boston, Massachusetts, December 15, 2006. Available at http://www.usdoj.gov/ag/speeches/2006/ag_speech_061215.html

## DETERRENCE

The other important factors that the court must consider in determining an appropriate sentence for Mr. Lom are deterrence of future criminal activity both by this defendant and by others and the need to provide for his educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553. A sentence of imprisonment would not accomplish any of these goals. The amount of time that Mr. Lom has spent in home confinement and incarcerated would have the desired deterrent effect on Mr. Lom and on others in his situation who are made aware of his sentence. No additional deterrent effect would be realized by sentencing him to a longer sentence.

## ACCEPTANCE OF RESPONSIBILITY

Mr. Lom has demonstrated significant acceptance of responsibility in this case. When first approached and questioned by the police he cooperated and acknowledged his possession of the gun. When he was questioned at the Providence Police station he candidly spoke to the police and acknowledged his conduct. He was honest when answering questions about his gang affiliation.

When he was brought before this court and placed on home confinement as a condition of his pretrial release Mr. Lom cooperated fully with the pretrial services unit. He further accepted responsibility by agreeing to plead guilty to the indictment in this case.

Finally, Mr. Lom asked that this court revoke his bail and allow him to serve out the remainder of the time he was awaiting sentencing in the custody of the United States Marshalls. He certainly could have remained free on home confinement until his sentencing on this case. His willingness to voluntarily place himself into custody shows that he has acknowledged his wrongdoing and has accepted responsiblity for his actions.

## CONCLUSION

For all of these reasons, Mr. Lom respectfully requests that this court sentence him to a term of imprisonment equal to the time he has already served and impose a term of two years of supervised release. A more severe sentence in this case would not achieve greater justice, deterrence, incapacitation, or rehabilitation.

Respectfully submitted
Christopher Lom
By his attorney,

/s/Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this memorandum was delivered by hand-delivery to Peter Neronha, Assistant United States Attorney and Kristin Mattias, USPO, on July 3, 2007.

/s/ Mary S. McElroy