UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER LOM,

V.

UNITED STATES OF AMERICA

CA NO. 08-16T
CA NO. 07-23T

## NOTICE OF MOTION FOR AN ORDER GRANTING CERTIFICATE OF APPEALABILITY

Movant, Christopher Lom, pro se and in forma pauperis, hereby submits this Motion for An Order Granting Certificate of Appealability pursuant to 28 U.S.C. § 2253 (c)(1)(B), and Rule 22(b) of the Federal Rules of Appellate Procedure, limited to the following Ground, and further states:

## PROCEDURAL BACKGROUND

To obtain a Certificate of Appealability (COA) under 2253(c), a habeas petitioner must make a substanial rational showing of the denial of a constitutional right, a demonstration that includes a showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Slack v. McDaniel, Warden, et al., 529 U.S. 473, 483-484 (2000) (citations omitted). The petitioner has been adjudged by this court to have committed a felony but sentenced him to that of a misdemeanor sentence under the Sentencing Reform Act of 1984 which is a denial of due process of law.

## GROUND ONE

**WHETHER JURISTS OR REASON WOULD FIND THE DISTRICT COURT'S ASSESSMENT THAT THE DETERMINATION AS TO WHETHER AN OFFENSE IS A FELONY IS BASED ON WHETHER THE OFFENSE IS PUNISHABLE BY A TERM OF IMPRISONMENT EXCEEDING ONE YEAR AND NOT ON THE LENGTH OF THE SENTENCE ACTUALLY IMPOSED OR CALLED FOR BY THE GUIDELINES, DEBATABLE OR WRONG.**

**MATERIAL FACT:** The movant was sentenced pursuant to the Sentencing Reform Act of 1984 for violating 18 U.S.C. § 922(k). Section 922(k) dictates the statutory maximum to be five years.

**THE LAW:** Once the sentencing guidelines took effect, Congress intended the statutory maximum sentences prescribed in 18 U.S.C. § 3581(b), ..., to represent "the greatest period the Congress should allow a judge to impose for an offense committed under the most egregious of circumstances." United States v. R.L.C., 915 F.2d 320, 324 (8th Cir. 1990) (internal citations omitted) cert. granted, aff'd, 503 U.S. 291, 307 (1992). Certiorari was granted to resolve the conflict between the Eighth Circuit's holding and the Ninth Circuit's position, adopted in United States v. Marco L., 868 F.2d 1121, cert. den., 493 U.S. 956 (1989) which was endorsed by the Government. See R.L.C., 503 U.S. at 296-297.

The Supreme Court affirmed the Eighth Circuit's holding that under the Sentencing Reform Act of 1984, the Guidelines establish the maximum term of imprisonment with the ceiling to be the statute of conviction. R.L.C., 915 F.2d at 323-324.

**THE FACTS AND LAW AS APPLIED TO MOVANT:** The Court's position mimic's the Government's position under Marco L., supra, which was overruled by the Supreme Court of the United States. See United States v. R.L.C., 915 F.2d 325-326 n.3 ("Section 3559(b) was not meant to function as an overarching definition of "maximum term of imprisonment" for the entire federal criminal code.") aff'd 503 U.S. 291, 307 (1992).

Had the Sentencing Reform Act of 1984 (Pub.L. 98-473, S.Rep 98-225, pp. 3297) not been in effect at the time of movant's sentencing, the district court's logic is not debatable. However, the Sentencing Reform Act of 1984 is still in full force and effect.

18 U.S.C. §3559(a)(5) provides that the movant be convicted of a felony if he was imprisoned for less than five years but more than one year. §3559(6) specifically provide a sentence one year or less but more than six

months, as a Class A misdemeanor. See 18 U.S.C. §3559(a)(6).

The district court abused its discretion in denying movant habeas relief. Felony sentences are meted out at a bare minimum, a year and a day of imprisonment as outlined by federal law. See 18 U.S.C. §3559(a)(5).

The maximum term of imprisonment authorized under 18 U.S.C. §3581(b)(6) is not more than one year without any enhancements being applied. However, if there were aggravating factors that required movant to be judicially enhanced, the maximum term of punishment, when piling on sentence-elevating aggravating facts would be capped by the statutory maximum of 18 U.S.C. § 922(k) which is five years.

Wherefore the movant prays this court grant him a certificate of applicability (COA).

Dated: 31JAN2008

Respectfully Submitted,

Christopher Lom

CHRISTOPHER LOM, pro se
Reg. No. 05848070
FCI-Loretto
P.O. Box 1000
Loretto, PA 15940-1000